# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PATTY SISTRUNK**                                    **CIVIL ACTION**

**VERSUS**

**SHAYNE BUSH, PHILLIP**                              **NO. 08-844-B-M2**
**O'BOYLE, JAMES MCKEITHEN,**
**CABELA'S RETAIL LA, L.L.C.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, March 18, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PATTY SISTRUNK                                                    CIVIL ACTION

VERSUS

SHAYNE BUSH, PHILLIP                                          NO. 08-844-B-M2
O'BOYLE, JAMES MCKEITHEN,
CABELA'S RETAIL LA, L.L.C.

## MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Notice and Motion for Remand (R. Doc. 4)

filed by plaintiff, Patty Sistrunk ("Sistrunk").   Defendant, Cabela's Retail LA, L.L.C.

("Cabela's"), has filed an opposition (R. Doc. 6) to Sistrunk's motion.

## FACTS & PROCEDURAL BACKGROUND

On September 11, 2008, Sistrunk filed this suit in the 23rd Judicial District Court,

Parish of Ascension, State of Louisiana.  In her petition, she alleges that, at all times

relevant to this suit, she was an employee of Cabela's assigned to its retail store located

in Gonzales, Louisiana.  She contends that, during the period of her employment beginning

in November 2007, she was subjected to "sexual harassment and general harassment from

Shayne Bush, Phillip O'Boyle, and James McKeithen," in that they undertook an

"obsessive, persistent, overbearing, extreme and outrageous course of conduct of

prolonged and repeated invitations to engage in a sexual relationship accompanied by

indecent sexual advances conveyed by a variety of methods including but not limited to

verbal and non-verbal communication, telephone text messages and electronic messages."

Sistrunk further alleges that, at all pertinent times, Bush, O'Boyle, and McKeithen were in

a "relative position of actual or apparent power to damage [her] interests."   Sistrunk

contends that she reported the incidents in question to Cabela's management and/or

1

human resources department on numerous occasions and that Cabela's, in violation of its own written First Offense Termination, Anti-Harassment and Sexual Harassment Policies, failed to appropriately investigate, take disciplinary action and/or terminate Bush, O'Boyle, and McKeithen for their course of conduct.   Sistrunk contends that the defendants are indebted to her for damages sustained as a result of their actions and/or inactions which violated her rights "as expressed in both federal and state law concerning discrimination." Her alleged damages include the following: (1) Past, present and future pain, suffering, emotional and mental anguish; (2) Past, present and future medical bills; (3) Humiliation and embarrassment; (4) Loss of enjoyment of life; and (5) Any other damages that can be ascertained through the discovery process and proven at a trial on the merits.

On November 3, 2008, Cabela's filed an Answer to Sistrunk's petition in state court. Cabela's then served interrogatories upon Sistrunk on November 10, 2008.  Within her responses to such discovery requests (which were propounded on December 5, 2008), Sistrunk expressly indicated that the claims she is making against the defendants in this matter give rise to liability under both Louisiana's Anti-Discrimination Statute, La. R.S. 23:1006, and Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et seq.*[1] Based upon that

---

[1] In Cabela's Interrogatory No. 20, it requests that Sistrunk "identify each federal or state law or regulation that [she] is relying on to support her claims in the captioned lawsuit."  Sistrunk responded as follows:

**ANSWER TO INTERROGATORY NO. 20**

Objection, calls for a legal conclusion.  Subject to the objection, plaintiff relies on the Louisiana Anti-Discrimination Statute LSA-R.S. 23:1006 and the jurisprudence interpreting and applying that statute as well as Title VII of the Civil Rights Act of 1964, USC 2000e, et seq. and the jurisprudence interpreting and applying that statute.  As

interrogatory response, Cabela's removed Sistrunk's suit on December 31, 2008 on the ground that this is a civil action over which this Court has original jurisdiction pursuant to 42 U.S.C. §2000(e), *et seq.*   In the Notice of Removal, Cabela's explains that, since Sistrunk's petition did not specifically seek relief under Title VII of the Civil Rights Act and instead only made a vague reference to an unspecified federal law, removal jurisdiction did not exist based solely upon the petition itself.   According to Cabela's, it first became ascertainable that this case was removable pursuant to 28 U.S.C. §1446(b) when Sistrunk served her interrogatory response wherein she admitted that she is seeking relief under 42 U.S.C. §2000(e).   Cabela's further alleged, in its removal notice, that supplemental jurisdiction over Sistrunk's additional state law causes of action exists in this Court pursuant to 28 U.S.C. §1367.

Sistrunk has now filed the present motion, seeking to have her case remanded to state court.   She contends that her mere reference to federal law within her interrogatory response was not sufficient to confer federal jurisdiction.   In addition to seeking remand of this matter, Sistrunk also seeks an award of the reasonable costs and expenses, including attorney's fees, that she incurred in opposing Cabela's removal of this action.

## **LAW & ANALYSIS**

Federal courts are courts of limited jurisdiction, and the presumption for any case that has been removed to federal court is that the case lies outside of federal jurisdiction.

-------------------------------------------------

> discovery is ongoing, plaintiff reserves all rights to rely on any other federal or state law to support the claims made in her petition.

*See*, Sistrunk's Answer to Cabela's Interrogatory No. 20.

3

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The burden of establishing that federal jurisdiction exists is upon the party seeking the federal forum, here, Cabela's. *Id.*

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  In determining whether a case "arises under" federal law, courts first examine whether the plaintiff's "well-pleaded complaint raises issues of federal law."  *Howery*, at 916, quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).  "Federal question jurisdiction over a case removed from state court also depends upon the well-pleaded complaint rule."   *Howery*, 243 F.3d at n. 12; *See also, Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

Looking solely at the "well-pleaded complaint" in this case, however, the Court does not find that federal question jurisdiction exists under §1331.  The Fifth Circuit Court of Appeals has held that federal question jurisdiction does not exist based upon a "well-pleaded complaint" that contains only an "oblique reference" to a violation of an "unspecified federal law."  *Avitts v. Amoco Production Co.*, 53 F.3d 690. 693 (5th Cir. 1995); *Smith v. Bank One Corp.*, 2004 WL 1274480 (E.D.La. 2004)(A conclusory mentioning that a defendant's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule).[2]  Since Sistrunk only made a general reference to an unspecified

_____

[2] *See also, Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997)(An incidental reference to a violation of federal law does not "convert a state law complaint into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists"); *Matthews v. Stewart*, 207 F.Supp.2d

federal law in her complaint in this matter, the Court cannot find that the allegations in her complaint triggered the thirty (30) day time limit for removing this case to federal court based upon federal question jurisdiction.  *See*, 28 U.S.C. §1446(b), ¶ 1 ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

While there is generally no federal jurisdiction under the "well-pleaded complaint" rule if the plaintiff properly pleads only a state law cause of action in his complaint, a plaintiff may not avoid removal jurisdiction by simply failing to plead a necessary federal question in the complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  Courts have therefore looked to "other paper" in limited circumstances to establish federal question jurisdiction.  *See*, 28 U.S.C. §1446(b), ¶ 2 (Emphasis added)("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable".) Furthermore, the Fifth Circuit has held that a discovery response, such as Sistrunk's interrogatory response in this matter, may constitute an "other paper" sufficient to trigger removability pursuant to §1446(b).  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)(An interrogatory response which reveals the removability of an action can

---

496, 498 (M.D.La. 2001)("The court is not bound by the stray labels placed on plaintiff's claims.  The existence of federal question jurisdiction cannot be based on facts not alleged in the complaint").

constitute "other paper" pursuant to §1446(b)); *See also, Leboeuf v. Texaco*, 9 F.Supp.2d 661 (E.D.La. 1998); *Freeman v. Witco Corp.*, 984 F.Supp. 443 (E.D.La. 1997); *Booty v. Shoney's*, 872 F.Supp. 1524 (E.D.La. 1995); *Vincent v. Silver Cinema's, Inc.*, 1998 WL 274242 (E.D.La. 1998); *Gullage v. Kmart Corp.*, 1996 WL 255919 (E.D.La. 1996).

However, even if an interrogatory response that makes reference to federal law is sufficient to trigger removability under §1446(b), the question still remains as to whether the reference to federal law within that discovery response is sufficient to establish federal question jurisdiction in and of itself.  The U.S. District Court for the Northern District of Texas faced this precise issue in *City of Dallas v. Explorer Pipeline Co., Inc.*, 2003 WL 193444 (N.D.Tex. 2003).  In that case, the defendants sought to establish that federal question jurisdiction existed based upon the plaintiff's mention of federal claims in its pleadings and in certain discovery responses.  As to the plaintiff's references to federal law within its pleadings, the court found that such references were clearly made in the context of the plaintiff's state law negligence *per se* claim and that such references did not allege a separate cause of action under federal law as the defendants contended.  *Id.*, *3.  As to the plaintiff's references to federal law within its discovery responses, the court found that the discovery responses could serve as "other paper" for purposes of removal under §1446(b), but it distinguished several of the cases cited by the defendants for the proposition that a discovery response referencing federal law can establish federal question jurisdiction on its own, apart from any federal issues being raised in the pleadings.  *Id.*

Specifically, the Northern District of Texas first distinguished a case out of the Eastern District of Louisiana, *Leboeuf v. Texaco*, 9 F.Supp.2d 661 (E.D.La. 1998).  In *Leboeuf*, the plaintiff argued that its response to an interrogatory that raised a federal issue

6

was enough to put the defendants on notice that a federal claim was forthcoming.  The *Leboeuf* court agreed that the response was enough to trigger the thirty (30) day period for removal.  However, there was no indication in the *Leboeuf* case that the interrogatory response would have been sufficient in and of itself to impart federal jurisdiction in the absence of the plaintiff's "actual intent to seek recovery under a federal statute."  *Id.*, *4.  According to the Northern District of Texas in *City of Dallas*, the holding in *Leboeuf* was "clearly related to the timing of removal:  "[P]laintiff's . . . interrogatory response appears to have raised an issue of federal law sufficient to trigger the thirty-day period for removal."  *Id.*, quoting *Leboeuf,* at 665.

The *City of Dallas* court next distinguished *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390 (N.D. Tex. 1993).  In that case, the question was whether or not "other papers," including interrogatory responses, could provide notice that the amount in controversy in a case exceeded $50,000.00.  The *City of Dallas* court noted that, unlike in *Johnson*, the case before it dealt with whether the interrogatory responses themselves can confer federal jurisdiction apart from the complaint.  *City of Dallas*, at *4.

*Aiken v. Big Three Industries, Inc.*, 851 F.Supp. 819 (E.D. Tex. 1994), was also distinguished in *City of Dallas*.  In *Aiken*, the original pleadings were ambiguous as to whether they adduced a removable claim.  The court held that "other papers" supplied the requisite notice, *i.e.*, the location of the "events giving rise to the claims for relief."  That case was distinguishable, according to the *City of Dallas* court, because it did not hold that the "other papers" themselves provided the basis for federal jurisdiction.  Finally, the *City of Dallas* court distinguished the Fifth Circuit case of *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).  As noted above, in *Chapman*, the Fifth Circuit held that an

7

interrogatory response may constitute an "other paper" sufficient to trigger removability under §1446(b); however, as the *City of Dallas* court explained, that case does not contemplate whether a defendant can rely entirely upon an "other paper" to provide federal jurisdiction apart from the pleadings in the case. *City of Dallas*, *4.

The *City of Dallas* court went on to note that it was not aware of any case in which responses to interrogatories, by themselves, have been used to establish federal question jurisdiction, and "in keeping with the precedent of the 'well-pleaded complaint' rule, which limits the causes of action to those pleaded in the complaint," the court held that the plaintiff's interrogatory responses making reference to federal laws were not sufficient to impart federal jurisdiction. *Id.* Similarly, this Court has not located any cases (and Cabela's has not referred the Court to any jurisprudence) wherein an interrogatory response, or some "other paper," referencing federal law as an alternative basis for a plaintiff's claims has been deemed sufficient to confer federal question jurisdiction. As such, this Court will follow the approach taken by the Northern District of Texas in *City of Dallas* and comply with the dictates of the "well-pleaded complaint rule." Since, under that rule, the plaintiff is the master of her complaint, and she did not make reference in her complaint to any specific federal law under which she is seeking to recover in this matter, the Court cannot find that federal question jurisdiction exists in this matter.[3]

_____

[3] *See, Sandoz v. Cingular Wireless, LLC*, 2006 WL 1635686 (W.D. La. 2006)(The plaintiff's complaint, on its face, was based upon Louisiana state law claims for unpaid wages, penalties, and attorney's fees. The court concluded that, regardless of the fact that the plaintiff included a calculation made under the federal Fair Labor Standards Act in her settlement demand letter, she may or may not ever make a claim under the Fair Labor Standards Act in a court of law. Consequently, the court found that federal question jurisdiction did not exist); *Strong v. Print U.S.A., Ltd.*, 230 F.Supp.2d 798, 800 (N.D.Ohio 2002)(noting that the mere mention of Title VII in the

As a final note, the Court must mention that a limited exception to the "well-pleaded complaint" rule exists, which is known as the "artful pleading doctrine."  That doctrine is summarized as follows:

> The artful pleading doctrine recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all . . . "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." [ ] Absent such extraordinary circumstances, the well-pleaded complaint rule governs . . . That is, if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal.

*Capenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 367 (5th Cir. 1995), quoting *Franchise Tax Board*, at 12.  Thus, the Court would only be excused from applying the "well-pleaded complaint" rule herein if the federal law claims mentioned in Sistrunk's interrogatory response completely preempted the state law claims mentioned therein,[4]

_____

complaint did not convert a state law sexual harassment claim into a federal cause of action).

[4] *See, O'Keefe v. State Farm Fire & Cas. Co.*, 2009 WL 95039 (S.D.Miss. 2009)(denying the plaintiff's motion to remand, where the plaintiff's amended/supplemental responses to discovery constituted an "other paper" within the meaning of §1446(b), and those responses revealed that the federal court had original and exclusive federal question jurisdiction over the plaintiff's claims relating to the administration of the National Flood Insurance Program and the adjustment of plaintiff's Standard Flood Insurance Policy, including their breach of contract and fraud claims); *Steiner v. Horizon Moving Systems, Inc.*, 568 F.Supp.2d 1084 (C.D.Cal. 2008)(Action was timely removed, even though it was not removed within thirty days of defendants' receipt of initial filing, because the basis for removal pursuant to the federal Carmack Amendment did not become apparent until after the deposition of the homeowner.  The court went on to find that federal question jurisdiction existed because the Carmack Amendment provided the exclusive remedy for damages arising out of an interstate shipping contract and completely preempted the plaintiffs' state law contract claims for recovery of such damages).

which is not the case.  Sexual harassment claims brought under Louisiana's Anti-Discrimination Statute are not completely preempted by Title VII.[5]  Accordingly, Sistrunk is free to pursue her sexual harassment claims solely under state law since Title VII is not the exclusive remedy for her claims.  *See, Haber v. Chrysler Corp.*, 958 F.Supp. 321 (E.D.Mich. 1997)(The thirty day period for removing an action to federal court commenced to run when the defendant was put on notice of a possible federal issue under the Labor Management Relations Act (LMRA) through the plaintiff's deposition testimony; however, because the LMRA did not completely preempt the plaintiff's state wrongful discharge claim, the matter was remanded to state court).

Furthermore, in addition to the fact that plaintiff's state law claims are not preempted by any federal law claims referenced in her discovery responses, plaintiff has specifically maintained, in her present motion, that she is only asserting claims under state law in this matter and that she did not intend to state a federal cause of action through her reference to federal law in her discovery response.  The Court finds that Sistrunk has clearly represented that she is not seeking any relief in this matter under federal law, and as a

---

[5] *See*, 42 U.S.C. §2000e-7 (Title VII does not preempt state law claims for employment discrimination or harassment, unless the state law is inconsistent with Title VII); *Dantzler v. Nationwide Credit, Inc.*, 1999 WL 1939258 (M.D.N.C. 1999)(Because Title VII does not preempt state law claims for employment discrimination or harassment, unless the state law is inconsistent with Title VII, a plaintiff is free to pursue her claims based upon state law rather than federal law.  If plaintiff, in her complaint, chooses not to assert a federal claim, the defendant cannot establish federal jurisdiction simply because the plaintiff could have asserted a federal claim); *California Federal Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 281-85, 291-92, 93 L.Ed.2d 613, 623-26, 630 (1987); *Caterpillar Inc. Williams*, 482 U.S. 386, 392, 96 L.Ed.2d 318, 327 (1987); *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F.Supp.2d 586 (M.D.N.C. 1999), quoting *Rains Criterior Sys.*, 80 F.3d 339, 345 (9th Cir. 1996)(The fact that "state law independently espouses the same public policy established by Title VII" does not transform plaintiff's state law claims into federal causes of action").

result, federal question jurisdiction does not exist in this case.  *See, Buie v. Union Gas Co.*, 2001 WL 34403086 (S.D.Miss. 2001)(finding no federal question jurisdiction where the plaintiffs repeatedly represented to the court that they were forgoing any claims available to them under federal law and where the case did not involve a claim of complete preemption, such that the "artful pleading" exception to the "well-pleaded complaint" rule was inapplicable).[6]  However, if Sistrunk has not been forthright in her representation to the

_____

[6] *Dantzler v. Nationwide Credit, Inc.*, 1999 WL 1939258 (M.D.N.C. 1999)(While courts generally disfavor attempts by plaintiffs to defeat federal jurisdiction after removal has occurred, the U.S. Supreme Court has recognized that, where jurisdiction is based upon a federal question, plaintiffs may amend their complaint or take a voluntary dismissal of the federal claims, even after the case has been properly removed).  Similarly, since jurisdiction is purportedly based upon a federal question herein and doubts concerning such jurisdiction are to be resolved in favor of remand, the Court will credit Sistrunk's representation that she is not seeking relief under federal law in this case, even if her interrogatory response while in state court made reference to federal law.  *See also, Dantzler*, at *3 ("It may appear that Plaintiff is asserting a Title VII claim because [her] claims are based on charges of sexual harassment and hostile work environment, which generally form the basis for a Title VII claim . . . The Court views this not as artful pleading but more as an oversight in Plaintiff's attempt to amend her Complaint to state only state law claims.  In addition to expressly stating that her claim no longer includes federal causes of action, Plaintiff's Complaint clearly includes allegations which support her state law causes of action for emotional distress . . . Therefore, the Court finds that Plaintiff's references to 'sexual harassment' support her claims under these state causes of action, and do not indicate that Plaintiff's claim is either actually brought under federal law or that she has engaged in 'artful pleading' to avoid the jurisdiction of this Court."  While the plaintiff could have brought her claims for employment discrimination and harassment under Title VII, because Title VII does not completely preempt her state law claims, she could delete her federal claims and rely solely upon her state claims for relief).

*See also, Franks v. East,* 2008 WL 4057078 (N.D.Miss. 2008)(Because the plaintiff's complaint in that case alleged a claim arising under federal law, the court denied the plaintiff's motion to remand.  However, based upon the unique circumstances of the case, the court granted the plaintiff leave of court to file an amended complaint through which he could voluntarily dismiss his claims arising under federal law if he so chose.  The court found that the defendant would not be prejudiced if plaintiff amended his complaint in that manner, and in the event such an amended complaint was filed, the court would revisit whether remand was appropriate); *Carnegie-*

Court that she is only seeking relief under state law in this matter, this case will again become removable by Cabela's as soon as it receives notice that Sistrunk is, in fact, pursuing a federal claim in this matter. *See, Grefer v. Alpha Technical*, 2001 WL 55715 (E.D.La. 2001)("Of course, it if turns out that Plaintiffs do intend to bring a [federal] CERCLA claim, that changes the picture entirely. The Court assumes that Plaintiffs' counsel has fully considered the *res judicata* issues involved in his desire to expressly forsake his clients' [federal] CERCLA claims and that his theory of the case cannot change the day trial begins because this case would be removed again").[7]

---

*Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)(finding that when "the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the district court has a powerful reason to choose not to continue to exercise jurisdiction"); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992)(finding that a "district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based"); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507, n.2 (5th Cir. 1985)(explaining that, "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion to not retain pendent jurisdiction over the remaining state claims"); *Sandifer v. City of Jackson, MS,* 2007 WL 853415 (S.D.Miss. 2007)(allowing plaintiff to amend complaint after removal to dismiss federal law claims and thereafter reconsidering whether remand was appropriate); *In re Wilson Industries, Inc.*, 886 F.2d 93, 95 (5th Cir. 1989)(A federal court "has discretion to remand the remaining claims after a plaintiff has dropped the federal cause of action on which removal was originally based"); *Lone Star Ob/Gyn Associates v. Aetna Health, Inc.*, 557 F.Supp.2d 789 (W.D.Tex. 2008)(In the typical case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point toward declining to exercise federal jurisdiction over the remaining state-law claims).

[7] In determining whether to remand after a plaintiff has abandoned all federal-law claims post-removal, the court must examine whether the plaintiff has engaged in any manipulative tactics. *Carnegie-Mellon*, at 357. If the plaintiff has attempted to manipulate the forum, the court should take that behavior into account in determining whether the balance of factors to be considered support a remand. *Id.; Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004 (5th Cir. 1992). Thus far, Sistrunk does not appear to be manipulating the Court. She indicates in her present motion that she

Finally, relative to Sistrunk's request for an award of the reasonable costs and expenses, including attorney's fees, that she incurred in connection with opposing Cabela's removal, the Court notes that, although remand is warranted, Cabela's removal of this action based upon Sistrunk's interrogatory response was not necessarily improvident.  As discussed above, the interrogatory response does, in fact, constitute an "other paper" that triggered the thirty (30) day time period for removal under §1446(b).  Accordingly, removal by Cabela's was proper and timely, but Cabela's was simply unable to establish that federal jurisdiction existed based solely upon the interrogatory response.  The Fifth Circuit has held that "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper'."  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)(quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  Under the circumstances, the Court cannot find that Cabela's lacked "objectively reasonable grounds" for believing its removal pursuant to §1446(b) was proper.  As such, Sistrunk's request for an award of costs and expenses should be denied.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Notice and Motion for Remand (R. Doc. 4) filed by plaintiff, Patty Sistrunk, should be **GRANTED IN PART**, in that this matter should be remanded to the 23rd Judicial District Court, Parish of Ascension, State

---

never intended to raise any federal claims through the statements made in her discovery responses.  Furthermore, because this case is in its early stages, the discretionary factors to be considered by the Court weigh in favor of remand.  *Lone Star*, at 809.  In the event, however, that Sistrunk attempts to reassert federal-law claims in state court post-remand, she will be engaging in manipulative tactics at that point, and Cabela's could justifiably remove the case back to federal court, at which time federal question jurisdiction should be sustained.

of Louisiana, for further proceedings, and **DENIED IN PART**, in that plaintiff shall not receive an award of the reasonable costs and expenses that she incurred in opposing defendant's removal.

      Signed in chambers in Baton Rouge, Louisiana, March 18, 2009.

                  **MAGISTRATE JUDGE CHRISTINE NOLAND**